```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
WAYNE A. KORITZER
                                *
     Plaintiff,
                                *
v.                                         CIVIL NO.: WDQ-06-2386
                                *
MARYLAND DEPARTMENT OF HEALTH
& MENTAL HYGIENE                *

     Defendants.                *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Wayne A. Kortizer has sued the Maryland Department of Health and Mental Hygiene ("DHMH") for racial discrimination in employment and unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Pending are two motions by DHMH to dismiss, or, in the alternative, for summary judgment: the first on Counts I-III of Koritzer's original Complaint; and the second on just Count II of his Amended Complaint. For the following reasons, DHMH's first motion will be denied as moot, and its motion to dismiss Count II of the Amended Complaint will be granted.

I.   Background

Koritzer has been employed by DHMH at Clifton T. Perkins Hospital Center in Jessup, Maryland, since 1995 and currently is a Security Attendant III/Sergeant in the Hospital Police.  Am.

Compl. ¶¶ 8, 16.  In April, 2005, he was interviewed for promotion to Security Supervisor/Lieutenant at the hospital, but was not selected for any available spot.  *Id*. ¶¶ 17-18.  Koritzer alleges that he was qualified, willing, and able to perform the duties of Lieutenant but, because he is white, the positions were awarded to three African-American men with lesser qualifications.  *Id*. ¶¶ 19-20.

After his non-selection, Koritzer complained to DHMH and informed it that he intended to file a "discrimination claim and/or a union grievance."  *Id*. ¶ 23.  He then filed a State Personnel Management System Appeal and Grievance Form (the "Grievance Form"), in which he complained of "disparate treatment" on his promotional examination.  *Id*. ¶ 23; Resp. Ex. B.  Koritzer alleges that since his complaint of discrimination he has been denied requested leave, overtime opportunities, and other privileges that he enjoyed prior to his complaint.  Am. Compl. ¶ 24.

On September 14, 2006, Koritzer sued DHMH, claiming "reverse racial discrimination in employment" under Title VII (Count I), violation of the anti-retaliation provision of Title VII (Count II), and violation of the Howard County, Maryland, employment discrimination code[1] (Count III).  Compl. ¶¶ 15-21, 22-25, 26-27.  On October 6, DHMH filed its first motion to dismiss the

---

[1] Howard County Code § 12.208.

Complaint (Paper No. 6).  On October 20, Koritzer voluntarily dismissed Count III and, on October 23, filed the Amended Complaint, significantly modifying the allegations in Count I and slightly altering Count II.

II. Discussion

As the Amended Complaint renders the Complaint null, DHMH's motion to dismiss the original Complaint will be denied as moot. *Young v. City of Mount Ranier,* 238 F.3d 567, 572 (4th Cir. 2001).

Following the Amended Complaint, DHMH moves to dismiss, or, in the alternative, for summary judgment on Koritzer's retaliation claim (Count II) for: (1) failing to state a claim upon which relief can be granted; and (2) lack of standing.

A.  Standards of Review
1.  Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in

3

the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any incorporated documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)).  The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

2.  Title VII's Anti-Retaliation Provision

Title VII protects employees from--and provides them with a civil remedy for--retaliation.  42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5.  42 U.S.C. § 2000e-3(a) states in part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . .

42 U.S.C.A. § 2000e-3.[2]  To establish a prima facie case of retaliation under Title VII, a plaintiff must present evidence

---

[2] As Koritzer claims retaliation for opposing DHMH's racial discrimination in his complaint, and not "because he has made a charge, testified, assisted, or *participated* in any manner in an investigation, proceeding, or hearing under this subchapter," the Court evaluates his claim under the so-called "opposition clause," rather than the "participation clause," of § 2000e-3(a). 42 U.S.C. § 2000e-3(a) (emphasis added); *see generally Laughlin v. Metropolitan Washington Airports Auth.,* 149 F.3d 253, 259-60 (4th Cir. 1998) (distinguishing the scope of the two clauses of § 2000e-3(a)).

4

that: (1) he engaged in a protected activity; (2) his employer took an adverse employment action against him; and (3) there was a causal connection between the two events.  *Anderson v. G.D.C., Inc.*, 281 F.3d 452, 458 (4th Cir. 2002).  Activity protected by Title VII's anti-retaliation provision includes opposition to any "employment actions an employee reasonably believes to be unlawful" under Title VII, not just those actually proscribed. *E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005).

An employment discrimination complaint--like other "notice" pleadings--need not contain all the facts establishing a prima facie case.  *Swierkieewicz*, 534 U.S. at 511.  But a plaintiff in a Title VII case must allege all necessary factual elements of his claim to survive a motion to dismiss.  *Id*. ("the ordinary rules for assessing the sufficiency of a complaint apply"); *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-64 (4th Cir. 2003).

B. Analysis

DHMH argues that Koritzer fails to allege that he engaged in an activity protected under Title VII, because the June 2005 Grievance Form, which he alleges resulted in DHMH's retaliation, does not show that he opposed a practice of racial or other discrimination prohibited by Title VII.

5

Koritzer relies on the Grievance Form in his Amended Complaint to allege that he engaged in a protected activity, and both parties refer to it in their arguments, so the Court will consider it evaluating the legal sufficiency of Koritzer's claim. *Biospherics,* 989 F. Supp. at 749.  Koritzer contends that "filing a grievance to complain about DHMH selecting three African American persons with lesser qualifications than Sergeant Koritzer for the three available Lieutenant positions" was a protected activity.  Resp. 7.

But Koritzer's Grievance Form gives no indication that he was opposing any acts of discrimination based on his "race, color, religion, sex, or national origin," or any other activity that he could reasonably have believed was proscribed by Title VII.  42 U.S.C. § 2000e-2.  The Grievance Form states that Koritzer "was subject to disparate treatment on promotional examination" because he was "disadvantaged . . . by the deliberate withholding of favorable information that would have enhanced his prospects whereas selected candidates were not, in violation of Md. Annotated Code, Personnel and Pensions Article, sections 12-201, 12-202 and 12-203."[3]  Resp. Ex. B.  Koritzer did not complain that the other employees are African-American or that the disparate treatment was because he is white.  Koritzer

---

[3] Maryland's State Personnel and Pensions article, §§ 12-201 to 205, describes the general grievance procedures available to state employees.

6

could have reasonably believed that DHMH's alleged acts were unfair or even illegal, but he could not have reasonably believed that mere "deliberate withholding of favorable information" on a promotional examination violates the Civil Rights Act of 1964. If DHMH retaliated against Koritzer for filing his grievance, it was not because of his opposition to what reasonably could be considered unlawful discrimination under Title VII.  Accordingly, Koritzer fails to allege that he was engaged in a protected activity, and his retaliation claim will be dismissed.

III. Conclusion

    For the reasons stated above, DHMH's motion to dismiss, or in the alternative, for summary judgment on the Complaint will be denied as moot, and its motion to dismiss Count II of the Amended Complaint will be granted.


<u>December 7, 2006</u>                              <u>      /s/            </u>
Date                                          William D. Quarles, Jr.
                                              United States District Judge